**Sharon STRAUSS, et al., Plaintiffs,**

**v.**

**Bernard E. DREW, Jr., Defendant.**

**No. 90 C 1637.**

United States District Court,
N.D. Illinois, E.D.

June 18, 1990.

Edward T. Stein, Cecile L. Singer, Singer & Stein, Howard H. Rosenfeld, Rotenberg, Schwartzman, Hafron Shapiro, Chicago, Ill., for plaintiffs.

Neil F. Hartigan, Marita C. Sullivan, Office of the Atty. Gen. of Illinois, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

### I. BACKGROUND

The plaintiffs in this case are various Driving Under the Influence Evaluators (Evaluators), motorist/driving under the influence defendants (DUI defendants) ordered by defendants to be evaluated by the Northern Illinois Council on Alcoholism and Substance Abuse (NICASA), and an attorney who represents individuals charged with DUI violations in the Nineteenth Judicial District. Evaluators are recognized therapists who are licensed through the Illinois Department of Alcoholism and Substance Abuse to practice the occupation of DUI Evaluator pursuant to the Illinois Alcoholism and Other Drug Dependency Act. Ill.Rev.Stat. ch. 111½, para. 6351–1, *et seq.* Defendant is the Chief Judge for the Nineteenth Judicial Circuit, Lake County, Illinois.[1] The Circuit Judges of the Nineteenth District promulgated local Circuit Court Rule No. 10.00, Local Criminal Rules, Subsec. 10.11, (effective since March 1, 1989), which functions to require DUI defendants to have evaluations performed by NICASA.

Plaintiffs complain that since the local rule was adopted, the plaintiff-Evaluators are essentially precluded from performing the · evaluations, re-evaluations, remedial education, and therapy for a substantial

---

1. Originally, plaintiffs sued all the judges of the Nineteenth Circuit, but after oral argument on this motion, plaintiffs filed with the court a second amended complaint which names only Bernard Drew, the Chief Judge of the Nineteenth Circuit, as defendant.

number of DUI defendants who would select the plaintiffs' programs. This, plaintiffs say, violates their first, sixth, ninth, and fourteenth amendment rights under the U.S. Constitution. They seek to have the Chief Judge of the Nineteenth Circuit enjoined from enforcing Circuit Rule No. 10.00 by this federal district court.

Defendant files, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, and argues that the eleventh amendment bars plaintiffs' claim, that this court should abstain from adjudicating the case under the abstention doctrines formulated in either *Younger* or *Burford*, and that the *Rooker–Feldman* doctrine bars plaintiffs' claim. Plaintiffs respond that none of the theories advanced by defendant are appropriate in this case and that the plaintiffs are entitled to have their claims adjudicated in their chosen federal forum.

## II. DISCUSSION

### A. Eleventh Amendment Claim

■ In *Pennhurst State School and Hospital v. Halderman,* the Supreme Court held that the eleventh amendment bars "a federal suit against state official on the basis of state law ... when ... the relief sought and ordered has a direct impact on the State itself." 465 U.S. 89, 104 S.Ct. 900, 914, 79 L.Ed.2d 67 (1984). State courts, and not federal courts, are the appropriate forum for enforcing state rules. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988) (*en banc* ). This is justified, because "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst,* 104 S.Ct. at 911.

■ Defendant reads plaintiffs' complaint as asking this federal court to require a state official (the Chief Judge of the Nineteenth Circuit) to abide by an Illinois statute (the Illinois Alcoholism and other Drug Dependency Act) which, according to plaintiffs, requires process before revocation of a DUI Evaluator's license. If defendant's characterization is correct, review of the complaint by this court directly contravenes *Pennhurst.* But I read the complaint differently. Plaintiffs' reliance on the Illinois statute is merely a reference to state law necessary to establish a property interest in the Evaluator's license. *See Doe v. Milwaukee County,* 903 F.2d 499, 502 (7th Cir.1990). "Property" is a term defined by law and to establish a property interest may depend on establishing a legitimate claim of entitlement under state law. *Archie,* 847 F.2d at 1217 (citing *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Here, state law provides the basis for a claim under the due process clause. The plaintiffs are not seeking to enforce due process requirements based on the statute, but rather the minimal due process requirements prescribed by the fourteenth amendment of the United States Constitution. Determining whether defendant violates the Constitution by enforcing the local rule relating to DUI evaluations does not implicate *Pennhurst* and is clearly within the province of this court's jurisdiction.

### B. Abstention

Defendant argues that I am precluded from exercising jurisdiction in this case by principles of equitable restraint. Federalism and comity principles may require a federal court to abstain from exercising jurisdiction in circumstances that would unduly interfere with state activities, and thus, disrupt the balance between the federal and state system. This principle was first enunciated in *Railroad Commission of Texas v. Pullman,* where the Supreme Court recognized that concerns of judicial economy, as well as comity, indicated that a federal court "exercising a wise discretion" would avoid deciding a federal constitutional question where the case could be disposed of on state law grounds. 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

■ Since *Pullman* was decided, various other arguments for abstention by a federal court have gained recognition, including doctrines to 1) preclude federal courts from exercising their equitable jurisdiction to enjoin ongoing state prosecutions (Younger

Abstention), 2) avoid needless conflict with a State's administration of its own affairs (Burford Abstention), and 3) avoid duplicative litigation (Colorado–River Abstention). C.A. Wright, *Law of Federal Courts* sec. 52, at 303. Abstention doctrines, however, are narrowly applied; the assumption is that a litigant is entitled to resort to a federal forum in seeking to redress an alleged violation of federal rights. *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 1433, 51 L.Ed.2d 752 (1977) (citing *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). And a district court should not shirk its obligation to exercise jurisdiction where a case may properly be adjudicated. *See Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257 (1821).

### 1. *Younger Abstention*

■ In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971), the Supreme Court held that the federal district court could not intervene in an on-going criminal proceeding in state court and noted that the "normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions". *Younger* applied the abstention doctrine to a state criminal proceeding, but the doctrine has since been expanded to apply to quasi-criminal, civil, and administrative proceedings. *E.g., Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (*Younger* policies fully applicable to non-criminal judicial proceeding when important state interests are involved); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil enforcement action); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (nuisance action).

Defendant argues that I should abstain, because to enjoin the Chief Judge of the Nineteenth Judicial Circuit from enforcing the Circuit's local rule would be in direct violation of the precepts embodied in the *Younger* decision and "would represent a gross intrusion into the functions of Illinois state courts." I disagree. Plaintiffs' request that I examine the constitutionality of a rule promulgated by the state judges does not implicate *Younger*. *Younger* is confined to cases in which the federal plaintiff had engaged in conduct actually or arguably in violation of state law, thereby exposing himself to an enforcement proceeding in state court which, once commenced, must be allowed to continue uninterrupted to conclusion. *Allegheny Corp. v. Hasse*, 896 F.2d 1046, 1053 (7th Cir.1990). Plaintiffs contend that there are ongoing proceedings here, namely the case involving Jane Doe who is accused of DUI violations. But I do not believe that this is a judicial proceeding of the sort that *Younger* cautions should not be obstructed by the federal court.

In considering the distinction between judicial and administrative or ministerial proceedings, the Supreme Court noted that "a judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist", *Prentis v. Atlantic Coast Line*, 211 U.S. 210, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908). There is no such proceeding here, but rather an administrative act by which the Circuit Judge simply designates who is to evaluate the DUI defendant *before* any hearing and determination can ensue and this, I believe, does not require abstention under *Younger*. In fact, abstaining in this case would be contrary to the equally compelling teaching of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which authorizes a federal court to enjoin threatened state action that, if carried out, would violate the plaintiff's federal rights. *See Hasse*, 896 F.2d at 1053.

### 2. *Burford Abstention*

■ Plaintiffs argue, alternatively, that the *Burford* abstention doctrine is applicable here. Simply stated, *Burford* requires a federal court to avoid needless conflict with the administration by a state of its own affairs. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (challenge to state-wide regulatory system which court found important to state policy of conserving gas and oil as

well as having an impact on the economy of the State of Texas). For example, if the issue involves a specialized aspect of a complicated regulatory scheme of local law and review by the federal court "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial concern", then *Burford* abstention is proper. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Here, defendant argues that the local rule and its application is intricately tied to the Alcoholism and Other Drug Dependency Act, as well as the Illinois Vehicle Code. Both of these statutes embody concerns which the State of Illinois has a significant interest in administering. It is correct that the statutes referred to by the plaintiffs reflect the State of Illinois' policies with respect to very complex problems. The Circuit's local rule, however, neither subverts the Illinois legislature's judgment on these issues nor disrupts the functioning of the statutes cited by defendants. The local rule merely effectuates the requirement under Illinois law that a DUI defendant must be evaluated, by designating a method—which the Judges of the Nineteenth Circuit must find most expeditious—for obtaining DUI evaluations.

Plaintiffs say that the *Burford* abstention is inapplicable because the single administrative Circuit Rule cannot constitute an extensive state regulatory system. Plaintiffs' argument is irrelevant, *Burford* does not require that a complex regulatory scheme be at issue, but rather *Burford* stands for the proposition that the state court is the more appropriate body to review a state law implicating important state concerns. Although the local rule, promulgated by the Nineteenth Circuit Judges, has some bearing on alcohol and driving regulation—it provides for some procedure that must be followed in the event of a DUI arrest—a ruling on the constitutionality of the rule does not implicate the state regulation in the manner that evokes *Burford* concerns or requires this court to defer jurisdiction to avoid disturbing important state policies. At issue is the validity of the rule under the federal constitution, clearly an appropriate issue for resolution in this forum.

### C. *Rooker–Feldman*

Finally, defendants argue that the *Rooker–Feldman* line of cases prohibits federal review of this case. The *Rooker–Feldman* doctrine is based on the premise that only the United States Supreme Court is authorized to review final determinations reached in a judicial proceeding in the state court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983). Where a final decision has been rendered by the state court, the federal district court may not review issues which were or which could have been raised in state court.

*Rooker–Feldman* is not applicable to this case for at least two reasons. First, there has been no final determination by the state court. Even if requiring the DUI defendants to seek evaluation is part of a proceeding, it has yet to be completed. Second, as previously noted, the process of requiring the defendants to seek evaluation is not a judicial proceeding, but rather an administrative procedure engaged in by the court. *Rooker–Feldman* concerns are not invoked unless a judicial proceeding has occurred. *Feldman,* 103 S.Ct. at 1311–13.

I do not find that any of the federalism or jurisdictional concerns noted by defendant are relevant to this case. Plaintiffs may have raised their federal constitutional claims in state court, but they were not required to exhaust their state remedies before proceeding here. *See Alleghany Corporation v. Hasse,* 896 F.2d 1046, 1050 (7th Cir.1990). I express no view on whether the interest plaintiffs seek to protect in the Evaluator's license is a constitutionally protected interest, but find that there is no valid justification for denying plaintiffs their choice of forum to resolve this issue.

Defendant's Motion to Dismiss is denied.