**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

D. JAMES PERROTT MACNEIL,

      Plaintiff-Appellant,

v.

THE HONORABLE TOM
WOODFORD, District Court,
Jefferson County Court, Jefferson
County, Golden, Colorado,

      Respondent-Appellee.

No. 97-1142
(D.C. No. 97-D-541)
(D. Colo.)

**ORDER AND JUDGMENT**[1]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

On March 18, 1997, plaintiff-appellant D. James Perrott MacNeil

("MacNeil") filed a motion for habeas corpus pursuant 18 U.S.C. § 2254, seeking

relief from conditions on his visitation rights with his children imposed by Judge

Tom Woodford ("Judge Woodford") of the Jefferson County, Colorado, District

---

[1] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, *res judicata*, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Court. MacNeil argued that Judge Woodford had deprived him of his constitutional rights under the First, Eighth, and Fourteenth Amendments. The United States District Court for the District of Colorado dismissed MacNeil's motion for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) in an order dated March 28, 1997. MacNeil now appeals, and we affirm.[1]

Because MacNeil pursued this action as a pro se plaintiff, we liberally construe his pleadings to the extent that if we "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing the allegations in the light most favorable to MacNeil, we view his complaint as raising two causes of action: a petition for habeas corpus and a claim under 42 U.S.C. § 1983 (damages available to plaintiffs whose constitutional rights have been violated by a person acting under color of state law). However, MacNeil cannot prevail under either theory.

---

[1] The district court issued an order on May 27, 1997, granting leave to MacNeil to proceed on appeal.

First, it is well settled law that federal habeas relief "has never been available to challenge parental rights or child custody" determinations by state courts. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 501, 511 (1982). Under the principles of federalism that provide for separate state and federal courts, federal courts do not have jurisdiction to consider challenges to state court orders affecting parental rights and child custody issues. See Id. at 516. Thus, MacNeil cannot collaterally attack Judge Woodford's decision concerning MacNeil's visitation rights, a state court order, by way of a habeas corpus petition in federal court. As a result, the federal district court properly dismissed MacNeil's habeas corpus petition for lack of subject matter jurisdiction. Second, state court judges acting in their judicial capacity are absolutely immune from liability under section 1983. Mireless v. Waco, 502 U.S. 9, 11012 (1991). Thus, the district court properly dismissed MacNeil's 42 U.S.C. § 1983 claim against Judge Woodford.

For these reasons, we AFFIRM the federal district court's order.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge
