**Maria Del Carmen CALDERON, Plaintiff,**

v.

**STATE OF KANSAS, Rochelle Chronister, and Carol J. Bacon, Defendants.**

**No. 97–1432–WEB.**

United States District Court, D. Kansas.

May 22, 1998.

---

LaDessa M. de la Cruz, DeLaCruz & Doran, Wichita, KS, for Maria Del Carmen Calderon.

John R. Dowell, Office of Attorney General, topeka, KS, for Kansas Department of Social and Rehabilitation Services, Carol Bacon.

Kenneth R. Smith, Kansas Department of SRS, Topeka, KS, for Rochelle Chronister.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

Plaintiff brought this action under 42 U.S.C. § 1983 alleging that the defendants deprived her of various constitutional rights. *See* 42 U.S.C. § 1983. She also asserted claims for relief under state tort law. Doc. 1. The complaint prays for damages in excess of $8,000,000. *Id.* The matter is now before the court on the defendants' motions to dismiss the complaint. (Docs.5,7). The court finds that oral argument would not assist in deciding the issues presented.

### I. Facts.

According to the complaint, the dispute arises out of legal proceedings initiated against plaintiff in the Eighteenth Judicial District of the State of Kansas under the state's "child in need of care" laws. Complaint, Doc. 1, at ¶ 12. *See* K.S.A. § 38–1501 et seq. The proceedings were initiated by the State of Kansas Department of Social and Rehabilitation Services ("SRS"), and allegedly resulted in four of plaintiff's minor children being removed from her custody and placed in the custody of SRS. *Id.* at ¶¶ 9–11.[1]

The first proceeding was conducted on September 24, 1992, and resulted in the removal of plaintiff's two minor children, "D" (DOB 3/25/90) and "B" (DOB 3/03/91), from her custody.

The second proceeding, on February 26, 1993, resulted in the removal of plaintiff's third natural child, "A" (DOB 2/14/93), from her custody.

The third proceeding, on October 24, 1994, resulted in the removal of plaintiff's fourth child, "J" (DOB 11/13/93), from her custody.

Plaintiff filed her complaint in this action on October 14, 1997. Doc. 1.

At all relevant times, defendant Rochelle Chronister was the Secretary of SRS and defendant Carol Bacon was a judge of the Juvenile Department of the Eighteenth Judicial District of Kansas. *Id.* at ¶¶ 5,6.

Plaintiff alleges that during the above-mentioned proceedings, Judge Bacon, in furtherance of her judicial duties, "intentionally and against the will of the plaintiff elicited information relating to family planning issues and her decisions to procreate, viz, the use of norplant," as well as information relating to plaintiff's race, national origin, citizenship and socioeconomic status. *Id.,* ¶¶ 13–16.

The complaint alleges that "plaintiff was subjected to the described treatment by the defendants because of her: gender (female); race (Hispanic); national origin (Mexico); citizenship (undetermined); and socioeconomic status (at or below the national poverty level)." *Id.* at ¶ 22.

Plaintiff's claim under § 1983 alleges that the defendants "violated her liberty interest in the security of her person, her rights to equal protection, her rights to due process of law, and her privilege against self-incrimination under the Fourth, Fourteenth and Fifth Amendments...." *Id.* at ¶ 24.

### II. Discussion—Plaintiff's § 1983 Claims.

 To prevail in an action under § 1983, a plaintiff must show the deprivation of a federally protected right by an individual acting under color of state law. *Hill v. Ibarra,* 954 F.2d 1516, 1520 (10th Cir.1992).

In their motions to dismiss, defendants make the following arguments: that the State of Kansas is immune from suit under the Eleventh Amendment; that Judge Bacon is immune from suit under the doctrine of judicial immunity; that the claims are barred by the statute of limitations; and that defen-

---

**1.** "The minor children continue to alternate between in home placement and various foster care arrangements." Compl., ¶ 12.

dant Chronister is entitled to judgment under the doctrine of qualified immunity and because the complaint fails to state a proper claim for relief against her.

■ a. *Eleventh Amendment Immunity.* The State of Kansas argues it is immune from suit under the Eleventh Amendment. The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 97–102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). There has been no such waiver or abrogation here. Under the circumstances, the court lacks jurisdiction to hear plaintiff's claims against the state of Kansas and the Secretary of the SRS in her official capacity. Plaintiff's various arguments as to why the Eleventh Amendment should not apply are not persuasive. This is clearly an action in which the state "is the real, substantial party in interest." *See Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Plaintiff's vague assertions that the violations are "ongoing" are not sufficient to bring the claims within the exception recognized in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Young* applies only where the underlying authorization upon which the named official acts is asserted to be illegal. *Papasan v. Allain,* 478 U.S. 265, 277, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). No such claim is made here. Plaintiff's § 1983 action falls squarely within the bar of the Eleventh Amendment. *See id.* at 277–78, 106 S.Ct. 2932.

■ b. *Judicial Immunity.* Defendants next argue that Judge Carol Bacon is entitled to dismissal on grounds of judicial immunity. The court agrees. A judge is generally immune from a suit for money damages, except where the challenged actions are non-judicial or are "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiff argues that Judge Bacon is not immune because she "attempt[ed] to regulate contraception [and] immigration" by "eliciting information" from plaintiff on these topics. Pl. Resp. at 12. This argument misperceives the scope of judicial immunity. The acts described in the complaint are clearly within the scope of that immunity. *See MacNeil v. Woodford,* No. 97–1142, 1997 WL 780418 (10th Cir., Dec.19, 1997). Those acts were taken under the jurisdiction granted the judge by the Kansas Code for Care of Children. *See* K.S.A. § 38–1503. In determining whether a child who has been adjudicated in need of care should be placed in the custody of a parent, the judge is required to consider a wide range of circumstances, including whether such placement is in the best interests of the child. K.S.A. § 38–1563. Even assuming (for the sake of argument) that the judge misunderstood the extent of her authority, there was clearly a jurisdictional basis for her actions. Under the circumstances, Judge Bacon is immune from any claim for damages under § 1983.

■ c. *Qualified Immunity.* As to plaintiff's § 1983 claims against defendant Rochelle Chronister in her personal capacity, the court finds that Chronister is entitled to judgment by virtue of qualified immunity. Under the doctrine of qualified immunity, government officials are shielded from liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "In analyzing qualified immunity claims, we first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether the right was clearly established at the time of a defendant's actions." *Gehl Group v. Koby,* 63 F.3d 1528, 1533 (10th

Cir.1995). The court finds plaintiff has failed to satisfy either part of the qualified immunity test. Even taking plaintiff's allegations in the best light, they fail to show the violation of any constitutional right, let alone a clearly established one. While child custody proceedings of the type in question implicate liberty interests protected by the Constitution, plaintiff fails to allege facts showing that these proceedings were fundamentally unfair or otherwise lacking in due process. *Cf. M.L.B. v. S.L.J.*, 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). The basis of plaintiff's equal protection claim is never made clear, but it appears to be based on "the elicitation of information" from plaintiff regarding her citizenship status. Plaintiff cites no authority to show that such conduct violates any clearly established right. Plaintiff also complains that her Fifth Amendment privilege against self-incrimination was violated, but alleges no facts to show that she asserted the privilege in the state proceedings, that the privilege would have been applicable, or that defendant Chronister caused the deprivation of this right.

The court has considered the other arguments advanced by plaintiff and finds them to be without merit. In sum, the court finds the defendants are entitled to judgment as a matter of law on plaintiff's claims under 42 U.S.C. § 1983. In view of this ruling, the court need not address defendants' remaining arguments on the § 1983 claims.

### III. State Law Claims.

██ Section 1367(c)(3) of Title 28 provides that the district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. If the only federal claim is dismissed before trial, state law claims will generally be dismissed as well. *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary. *Id.* The district court has discretion to try state claims in the absence of any triable federal claims; however, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under the circumstances of this case, the court concludes that it should not exercise supplemental jurisdiction and that the state law claims should be dismissed.

### IV. Conclusion.

The motions to dismiss of the State of Kansas, Judge Carol Bacon, and Rochelle Chronister (Docs. 5 & 6) are hereby GRANTED. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed with prejudice. Plaintiff's claims under state law are dismissed without prejudice. IT IS SO ORDERED this 22 day of May, 1998, at Wichita, Ks.