**Carolyn D. NUNNERY, Plaintiff,**

v.

**State of FLORIDA, Registry of the Circuit Court in and for the Second Judicial Circuit, in Leon County, Florida, and the Honorable Terry P. Lewis, Judge of the Second Judicial Circuit, in Leon County, Florida, and James W. Nunnery, Defendants.**

**No. Civ.A. 99–40293.**

United States District Court,
E.D. Michigan,
Southern Division.

June 30, 2000.

Robert L. Wiggins, Jr., Wiggins Assoc, Southfield, MI, for Carolyn D. Nunnery, plaintiff.

George L. Waas, Office of the Attorney General, Tallahassee, FL, for Terry P. Lewis, Judge of the Second Judicial Circuit in Leon County Florida, defendant.

James W. Nunnery, Tallahasee, FL, defendant pro se.

***ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INSTANT ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND ALLOWING PLAINTIFF TO FILE A NEW FEDERAL ACTION PURSUANT TO 28 U.S.C. § 1738A***

GADOLA, District Judge.

Presently before the Court is defendant State of Florida Circuit Judge Terry P. Lewis's renewed motion to dismiss or, in the alternative, for summary judgment. Said motion was filed May 25, 2000. Pursuant to E.D.Mich. Local Rule 7.1, a response to a dispositive motion must be filed within twenty-one (21) days after service of the motion. The twenty-one (21) day period has elapsed and no response has been filed by plaintiff. Accordingly, the instant motion stands unopposed.

For the reasons stated below, the Court will **GRANT** defendant Lewis's renewed motion to dismiss on the basis that this Court lacks subject-matter jurisdiction over plaintiff's claims. Plaintiff has failed to cite any valid federal statute upon which federal question jurisdiction may be based. *Nevertheless,* plaintiff shall be allowed to bring a *new* federal action within thirty (30) days of this Order based upon the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A.[1]

## I. FACTUAL BACKGROUND

The following allegations are derived from plaintiff's complaint filed July 20, 1999.

Plaintiff Carolyn D. Nunnery has brought a "declaratory judgment action" seeking to determine "the rights and liabilities of the parties" relating to a child custody dispute subsequent to divorce. Plaintiff asserts that the Michigan courts entered a Judgment of Divorce on August 26, 1976 in Case No. 75–077633–DM before the Honorable Thomas J. Foley. Compl. ¶ 7. The Michigan court ordered Mr. Nunnery, plaintiff's ex-husband, to pay $34.00 per week for the care and custody of the parties' minor child. Compl. ¶ 8. According to plaintiff, Mr. Nunnery moved to Florida and failed to comply with the divorce judgment.

Pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), the Michigan court petitioned for a child support order in Leon County, Florida, the jurisdiction where Mr. Nunnery resided. Compl. ¶ 10. The Florida court then issued an order for Mr. Nunnery to pay $20.00 per month. Compl. ¶ 11. Mr. Nunnery's attorney then filed Case No. CV 99–1260 before the Honorable Terry P. Lewis. Compl. ¶ 16. The Florida court then informed Ms. Nunnery, plaintiff herein, that she would have to appear in the matter in Florida. Compl. ¶ 17. Plaintiff states that she was not able to appear in the Florida court. Compl. ¶ 18.

As a result of failing to appear in the Florida court, that court ordered that the funds be sent not to Michigan, but to the Florida court to be held in escrow with the Registry of the Circuit Court for the Second Judicial Circuit, Leon County, Florida. Compl. ¶ 22. According to plaintiff, Mr. Nunnery has a long history of moving to evade paying child support. Compl. ¶ 23. Plaintiff maintains that the Florida court and Judge Lewis are "aiding and abetting a deadbeat father in a continued and repeated pattern of evading his legal responsibilities." Compl. ¶ 24. Plaintiff alleges that "Defendant[s] are abridging the due process of law and equal protection of the [l]aw rights of Ms. Nunnery, as well as her rights under the relevant Federal Statutes." Compl. ¶ 25.

On May 13, 1999, the Michigan Friend of the Court for the County of Wayne wrote a letter to Judge Lewis detailing the

---

1. Oral argument will not significantly aid in the disposition of the issues presented in the parties' briefs. Accordingly, pursuant to E.D.Mich.L.R. 7.1(e)(2), the hearing previously scheduled for July 12, 2000 will be canceled.

matter. Compl. ¶ 26. This was not sufficient to lift the Florida court's escrow order. Compl. ¶ 27. According to plaintiff, on March 24, 1999, Judge Lewis informed plaintiff that she would have to educate him on the laws by hiring a Florida attorney and by appearing in the Florida court. Compl. ¶ 28. Plaintiff states that "this is a dispute between the State of Michigan and the State of Florida to be resolved on the basis of Federal law, namely the Federal [Uniform Reciprocal Enforcement of Support Act and Uniform Interstate Family Support Act]." Compl. ¶ 29.[2]

Plaintiff seeks an order from this Court directing the Florida court registry to disgorge all monies it has held in this action to plaintiff. Plaintiff also seeks an order directing defendant James Nunnery to immediately pay monies due under the Michigan support order, directing that defendant Judge Lewis immediately rescind all orders entered and to comply with federal law, and directing defendants to pay reasonable attorneys fees and costs.

On November 1, 1999, defendant Terry P. Lewis filed his original motion to dismiss, or, alternatively, for summary judgment. On December 14, 1999, plaintiff Nunnery filed a motion for entry of default. That motion was subsequently granted. *See* Order Granting Plaintiff's Motion for Entry of Default issued January 21, 2000. On April 21, 2000, on the basis of the default previously entered, the Court denied as moot defendant Lewis's motion to dismiss, or, alternatively, for summary judgment. On May 16, 2000, however, the Court issued an order *vacating* entry of default as to defendants Nunnery and Lewis. As stated above, on May 25, 2000, defendant Lewis filed his *renewed* motion to dismiss or, in the alternative, for summary judgment. This is the motion currently before this Court.

**2.** As will be discussed more fully *infra,* neither the Uniform Reciprocal Enforcement of Support Act nor the Uniform Interstate Family Support Act is a federal statute. Instead,

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) provides several grounds upon which a defendant may move for dismissal of a case brought against him. The following defenses may, at the option of the pleader, be made by motion:

> (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of, process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, [and] (7) failure to join a party under Rule 19.

Fed.R.Civ.Proc. 12(b). Pursuant to Rule 12(h), "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived" if not raised either in defendant's answer or by prior motion. Fed.R.Civ.Proc. 12(h); *see also Phillips v. Baker,* 121 F.2d 752 (9th Cir.), cert. denied, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551 (1941).

## III. ANALYSIS

In the instant motion, defendant Lewis raises several arguments for dismissal, to wit: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) absolute immunity; (4) improper venue; and (5) insufficiency of process and service of process. The threshold question which must first be answered is whether this Court possesses jurisdiction over the subject matter of the case at bar. The Court will now turn to this crucial issue.

Defendant argues that plaintiff, via the instant action, is attempting to challenge state judicial decisions of Florida's trial courts. Defendant points out that it is well-settled that review of final decisions of state courts lies only with the United States Supreme Court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct.

these are model statutes drafted by the National Conference of Commissioners on Uniform State Laws.

149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *MacNeil v. Woodford*, 132 F.3d 43 (10th Cir.1997). According to defendant, this Court lacks subject matter jurisdiction to entertain what is in actuality a collateral attack on state court judgments.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the plaintiff brought suit in a federal district court seeking review of a state court judgment. Plaintiff claimed that an Indiana state statute violated the contract clause of the United States Constitution, Article 1, § 10, cl. 1, as well as due process and equal protection. *Id.* at 414, 44 S.Ct. 149. The United States Supreme Court in *Rooker* affirmed the district court's dismissal of the action for lack of subject-matter jurisdiction, stating that

> no court of the United States other than this court [i.e., the United States Supreme Court] could entertain a proceeding to reverse or modify the judgment [of a state court] for errors.... To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

*Id.* at 416, 44 S.Ct. 149.

More recently, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), plaintiff was denied the right to sit for the District of Columbia bar examination because he had not graduated from an approved law school. After the District of Columbia Court of Appeals denied plaintiff's petition for admission, plaintiff brought an action in federal district court alleging that he had a right to take the examination pursuant to the Fifth Amendment. The Supreme Court held that a "United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." *Id.* at 476, 103 S.Ct. 1303. "Review of such determinations can be obtained only in [the United States Supreme Court]." *Id.* The Court

further commented as follows: "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state law claims], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Id.* at 483, n. 16, 103 S.Ct. 1303.

Subsequent to the two decisions discussed above, courts expressly recognized the so-called *Rooker–Feldman* doctrine prohibiting appellate review of state court judgments by federal district courts. *See, e.g., Blake v. Papadakos*, 953 F.2d 68 (3d Cir.1992); *Strauss v. Drew*, 739 F.Supp. 1231 (N.D.Ill.1990); *Lemon v. Tucker*, 664 F.Supp. 1143 (N.D.Ill.1987). In *Lemon*, the doctrine was articulated as follows:

> The *Rooker–Feldman* doctrine holds that federal appellate review of judgments rendered by state courts can only occur in the Supreme Court, by appeal or by writ of certiorari. [*District of Columbia Court of Appeals v.*] *Feldman*, 460 U.S. [462,] 482, 103 S.Ct. [1303,] 1314–15[, 75 L.Ed.2d 206]; *Rooker [v. Fidelity Trust Co.]*, 263 U.S. [413,] 416, 44 S.Ct. [149,] 150[, 68 L.Ed. 362]. Under this doctrine, a federal district court challenge to the correctness of a state court judgment must be dismissed for lack of subject matter jurisdiction. This doctrine applies even where the federal action seeks to challenge the procedures by which the state court rendered its judgment, so long as the constitutional claims presented to the federal court are "inextricably intertwined" with the merits of the state court judgment. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315 n. 16. In such a case, the federal district court is in essence being called upon to review a state court judgment. "This it may not do." *Id.*

*Lemon*, 664 F.Supp. at 1148.

In the case at bar, plaintiff seeks an order from this Court directing the

Florida court registry to disgorge all monies held, directing defendant James Nunnery to immediately pay monies due under the Michigan support order, directing that defendant State of Florida Judge Lewis immediately rescind all orders entered and to comply with federal law, and directing defendants to pay reasonable attorneys fees and costs. Plaintiff alleges that the basis for this Court's subject matter jurisdiction is a *federal* question arising under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) and the Uniform Interstate Family Support Act (UIFSA). However, plaintiff fails to provide any *federal* citation for either of these two Acts.

Upon conducting an independent review of this issue, it is apparent that these are *not* federal laws but instead model state laws, versions of which have been enacted by the various states. The UIFSA "was developed by the National Conference of Commissioners on Uniform State Laws in 1992 to create uniformity in interstate child support proceedings, and thereby foster greater consistency and efficiency in the enforcement of interstate child support cases." John J. Aman, "Uniform Interstate Family Support Act Has Made Extensive Changes in Interstate Child Support Cases," 72 N.Y.Bar.J. 12 (Jan.2000). The UIFSA was designed by the National Conference of Commissioners on Uniform State Laws "to supersede[ ] all versions of URESA as well as the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) of 1968." Jamie Johnson, "Alimony and Child Support Generally," 14 Ga.St.U.L.Rev. 121, 142 (Dec.1997). "By the end of 1995, more than one-half of the states had already adopted UIFSA." *Id.* This Court has researched the case law involving state enactments of the model UIFSA and RURESA and finds absolutely no precedent for the exercise of federal jurisdiction where these two state statutes are involved.

■ As an additional consideration, plaintiff may *not* base this Court's subject-matter jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201.[3] That section provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a). It is well-settled, however, that the Declaratory Judgment Act does *not* independently create federal jurisdiction. *Warner–Jenkinson Co. v. Allied Chemical Corp.*, 567 F.2d 184, 186 (2d Cir.1977). "[A]n action for declaratory judgment may be brought in federal court ordinarily only if there would exist a basis for federal jurisdiction in a coercive action between the two parties." *Id.* In the case at bar, as has been shown, no such jurisdictional basis exists.

Despite the foregoing conclusions, this Court is most troubled by this case. Plaintiff has failed to cite an appropriate federal statute which would enable this Court to exercise jurisdiction over the claims presented. *However*, plaintiff's counsel is directed to a *federal* statute which has been utilized in cases involving parties' rights under state custody decrees incident to divorce proceedings. *See* 28 U.S.C. § 1738A, known colloquially as the "Parental Kidnapping Prevention Act." This Act states, in pertinent part, as follows: "[t]he appropriate authorities of every State shall enforce according to its terms, and shall not modify ... any custody determination or visitation determination made consistently with the provisions of this section by a court of another State." 28 U.S.C. § 1738A(a). Courts have *upheld* the exercise of jurisdiction pursuant to this Act where plaintiffs have sought to enforce

**3.** Plaintiff entitled her complaint, "Declaratory Judgment Action." *See* complaint filed July 20, 1999.

compliance by state courts which have, in violation of the Act, asserted jurisdiction over a child custody case or have refused to enforce another state's custody decree. *See, esp., Flood v. Braaten,* 727 F.2d 303, 309–10 (3d Cir.1984); *see also McDougald v. Jenson,* 786 F.2d 1465, 1474–75 (11th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986) (holding that federal court has jurisdiction for declaratory judgment concerning parties' rights under custody decrees pursuant to the Parental Kidnapping Prevention Act).

It is *possible* that plaintiff may have a claim arising under the Parental Kidnapping Prevention Act.[4] Because of this possibility, plaintiff shall be allowed to bring a *new* federal action within thirty (30) days of this Order. The new Complaint must set forth the jurisdictional basis for the plaintiff's claims based upon Section 1738A. Although this will be a *new* federal action, plaintiff will not be required to re-pay the initial filing fee upon submitting her Complaint to the Clerk of Court. A copy of this Order shall be attached to the newly filed Complaint.

Accordingly, being fully advised in all the underlying premises,

**IT IS HEREBY ORDERED** that defendant State of Florida Circuit Judge Terry P. Lewis's renewed motion to dismiss is **GRANTED;**

**IT IS FURTHER ORDERED** that the instant action in its entirety be **DISMISSED** for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that plaintiff *may* bring a *new* federal action within thirty (30) days of this Order based upon the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A; a copy of this Order shall be attached to the newly filed Complaint.

**IT IS FURTHER ORDERED** that the hearing previously scheduled for July 12, 2000 be **CANCELED.**

**SO ORDERED.**

---

4. The Court will reserve judgment on the issue of whether the *Rooker–Feldman* doctrine, discussed *supra,* would prevent this Court from exercising jurisdiction over plaintiff's claims even in light of the Parental Kidnapping Prevention Act. This issue has not been briefed by the parties and is one which may need to be considered in the context of plaintiff's future action.