*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GABRIELA CAVALCANTI LYRA,

Plaintiff-Appellee,

v

JUSTIN KYLE KING,

Defendant-Appellant.

FOR PUBLICATION
February 19, 2025
11:45 AM

No. 369216
Livingston Circuit Court
LC No. 23-057760-UE

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

GADOLA, C.J.

Defendant, Justin Kyle King, appeals on delayed leave granted the Uniform Child Support Order ordering him to pay child support to plaintiff, Gabriela Cavalcanti Lyra. We vacate the trial court's order and remand for further proceedings.

## I. FACTS

Plaintiff lives in Brazil and is the mother of LCK, who was born in Brazil in late 2020. Defendant lives in Michigan. Plaintiff contends that defendant is the father of LCK, arising out of a relationship between the parties in Michigan in January 2020. Defendant does not deny that the parties had a relationship during that time.

In August 2021, plaintiff sought child support from defendant under the Uniform Interstate Family Support Act (UIFSA), MCL 552.2101 *et seq*., by filing an Application for Establishment of a Decision with the central authority in Brazil, as defined by the UIFSA, MCL 552.2701(b). The application stated that defendant's paternity of the child was "established or presumed," and was supported by a Brazil birth certificate naming defendant as the child's father.

The application was directed to the Livingston County Prosecutor as a "support enforcement agency" under the UIFSA. See MCL 552.2102(aa). The Livingston County Prosecutor initiated this action, filing the Application as a complaint. Defendant responded, denying paternity and requesting that the child's paternity be established. Defendant also filed a

-1-

separate paternity action in the trial court. In contrast to his denial of paternity in the child support case, defendant alleged in the paternity action that he is the father of LCK.[1]

Meanwhile, in this child support action under the UIFSA, the parties disputed whether defendant's paternity of the child had been established under Brazil law. Plaintiff contended that defendant's name on the child's birth certificate established his paternity under Brazil law, precluding further inquiry into the child's parentage under the UIFSA. Defendant disagreed, and asked the trial court to resolve the paternity action before determining the child support action.

At the direction of the trial court, plaintiff filed a motion to establish support, arguing without further explanation that the birth certificate established defendant's paternity of the child under Brazil law. Plaintiff also asserted that while briefly visiting Brazil, defendant signed an acknowledgment of paternity at the United States Consulate to obtain a passport for the child, and sued plaintiff under the Hague Convention for abduction of the child. Defendant did not respond to the motion, but at the hearing on the motion requested a determination of paternity under Michigan law.

The trial court entered a Uniform Child Support Final Order on the basis that defendant had been established as the child's father under Brazil law, ordering defendant to pay plaintiff monthly child support of $1,567. Defendant submitted a delayed application to this Court seeking leave to appeal, which this Court granted. *Lyra v King*, unpublished order of the Court of Appeals, entered July 3, 2024 (Docket No. 369216).

## II. DISCUSSION

Defendant contends that the trial court erred by determining that his parentage of the child had been determined under Brazil law, and proceeding on that basis to order defendant to pay child support without permitting defendant to challenge the parentage of the child. We agree that the record before the trial court does not demonstrate that Brazil has determined defendant's parentage of the child.

We review a child support order for an abuse of discretion, and review the trial court's factual findings underlying the order of child support for clear error. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). We review de novo whether the trial court properly construed and applied a statute. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

The Uniform Interstate Family Support Act (UIFSA) is a model statute, *Nunnery v Florida*, 102 F Supp 2d 772, 776 (ED Mich, 2000), that the federal government has encouraged the states to adopt.[2] Michigan adopted the most recent version of the UIFSA, MCL 552.2101 *et seq*., on January 1, 2016. See 2015 PA 255. Section 105 of the UIFSA provides, in relevant part:

---

[1] Defendant apparently was not able to serve plaintiff with the complaint in the paternity action, and there is no indication that the paternity action proceeded to a determination of paternity.

[2] To receive certain federal funds, states must adopt the UIFSA. *United States v Kerley*, 416 F 3d 176, 180 (CA 2, 2005).

(1) A tribunal of this state shall apply articles 1 through 6 and, as applicable, article 7, to a support proceeding involving 1 or more of the following:

(a) a foreign support order.

(b) A foreign tribunal.

(c) An obligee, obligor, or child residing in a foreign country. [MCL 552.2105(1).]

In this case, the support proceeding involved an obligee and a child residing in Brazil. Under the UIFSA, a foreign country is defined as follows:

(e) "Foreign country" means a country . . . other than the United States, that authorizes the issuance of support orders and 1 or more of the following:

(*i*) That has been declared under the law of the United States to be a foreign reciprocating country.

(*ii*) That has established a reciprocal arrangement for child support with this state as provided in section 308.

(*iii*) That has enacted a law or established procedures for the issuance and enforcement of support orders that are substantially similar to the procedure under this act.

(*iv*) In which the Convention is in force with respect to the United States. [MCL 552.2102(e).]

According to the Office of Child Support Services within the United States Department of Health & Human Services, the United States has established a reciprocal arrangement for child support services with Brazil.[3] Articles 1 through 6 of the UIFSA therefore apply in this case. Because plaintiff's application was submitted under the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance, concluded at The Hauge on November 23, 2007 (the Convention), see MCL 552.2102(c), Article 7 applies in this case, as well as Articles 1 through 6. See MCL 552.2702.

Under Article 7, three types of proceedings are available, being proceedings (1) to establish child support when no prior child support order exists, (2) to enforce an existing child support order, and (3) to modify an existing child support order. MCL 552.2704(2). In this case the parties do not dispute that no prior child support order involving the parties and the child exists; this case therefore falls within the first type of proceedings. In that regard, MCL 552.2704 provides that the obligee seeking child support is entitled to proceedings for "[e]stablishment of a support order

---

[3] Office of Child Support Services, U.S. Department of Health & Human Services, <https//acf.hhs.gov/css/parents/help/international-parents> (accessed January 23, 2025).

if there is no existing order, including, *if necessary, determination of parentage of a child*." MCL 552.2704(2)(c) (emphasis added).

Proceedings involving the establishment of a support order are addressed in Article 4 of the UIFSA, MCL 552.2401 *et seq*. Article 4 authorizes the trial court to issue a support order under the following circumstances, in relevant part:

(1) If a support order entitled to recognition under this act has not been issued, a responding tribunal of this state with personal jurisdiction over the parties may issue a support order if either of the following apply:

(a) The individual seeking the order resides outside this state.

(b) The support enforcement agency seeking the order is located outside this state.

\* \* \*

(3) Upon finding, after notice and opportunity to be heard, that an obligor owes a duty of support, the tribunal shall issue a support order directed to the obligor and may issue other orders under section 305. [MCL 552.2401.]

Thus, under Article 4 the trial court was empowered to issue a support order upon finding, after notice and opportunity to be heard, that defendant had a duty of support. MCL 552.2401(3).

Provisions that are generally applicable to these proceedings appear in Article 3 of the UIFSA, MCL 552.2301 *et seq*. Under Article 3, the trial court was obligated to apply the procedural and substantive law of Michigan. Section 303 of the UIFSA, MCL 552.2303 provides:

Except as otherwise provided in this act, a responding tribunal of this state shall do both of the following:

(a) Apply the procedural and substantive law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings.

(b) Determine the duty of support and the amount payable in accordance with the law and support guidelines of this state.

However, § 315 of the UIFSA, MCL 552.2315, provides:

A party whose parentage of a child has been previously determined by or according to law may not plead nonparentage as a defense to a proceeding under this act.

To summarize, plaintiff is an obligee residing in Brazil, and the child resides in Brazil, which is a foreign country within the meaning of the UIFSA. Articles 1 through 7 of the UIFSA apply in this case, and empowered the trial court to establish child support given that no prior child support order exists in this case. The trial court, however, was empowered to establish child

support only upon finding, after notice and an opportunity to be heard, that defendant had a duty of support. See MCL 552.2401(3). In doing so, the trial court was obligated to apply the procedural and substantive law of Michigan. See MCL 552.2303(a). If defendant previously was determined by law to be the child's father, however, defendant is precluded from asserting that he is not the child's father as a defense to the duty to pay child support. MCL 552.2315.

The question in this case is whether the trial court properly found that defendant had a duty of support before ordering defendant to pay child support. The trial court found that defendant had a duty of support because defendant's name appeared on the child's birth certificate in Brazil. In so determining, the trial court accepted plaintiff's contention that under Brazil law, any man designated as the father on a child's birth certificate is thereby determined by law to be the father of that child, and that defendant therefore was precluded from raising the defense of non-parentage by § 315 of the UIFSA, MCL 552.2315. The trial court erred, however, because it accepted plaintiff's contention that parentage had been established under Brazil law without proof that this had in fact occurred.

As discussed, Article 3 provides that a responding tribunal of this state shall "[a]pply the procedural and substantive law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings." MCL 552.2303(a). Generally, under Michigan law a party asserting a matter has the burden of proof as to that matter, and a plaintiff has the burden to prove each element of his or her case. See, e.g., *Kelly v Builders Square, Inc*, 465 Mich 29, 39; 632 NW2d 912 (2001) (plaintiff has the obligation to prove all elements to establish medical malpractice); *Law Offices of Jeffrey Sherbow, PC v Fieger & Fieger, PC*, 507 Mich 272, 303-304; 968 NW2d 367 (2021) (to prove breach of contract the plaintiff was required to prove that a contract existed).

In this case, plaintiff asserted that defendant had been determined to be the father of LCK under Brazil law, and that consequently, § 315 of the UIFSA precluded defendant from challenging his parentage of the child. Under Michigan law, plaintiff had the burden to prove her assertion that defendant's paternity had been determined under Brazil law. Although plaintiff repeatedly asserted that the child's parentage had been determined in Brazil by virtue of the birth certificate, plaintiff presented no authority to support that assertion. The trial court therefore erred by determining that defendant had a duty to pay child support, based exclusively on the *ipse dixit* of the birth certificate, without permitting defendant to challenge the parentage of the child.

Plaintiff argues that defendant's various past assertions that he is the child's father weigh in favor of the trial court's decision, namely, that defendant claimed he was the child's father in the paternity action, and that defendant signed an affidavit before the U.S. Consulate stating that he was the child's father. But these assertions, even if true, do not establish whether the parentage of the child "has been previously determined by or according to law" under MCL 552.2315. The question in this case is not whether defendant *is* the child's father, or even whether defendant asserted that he is the child's father in another legal proceeding, but rather whether he is precluded from challenging the child's parentage by virtue of a previous legal determination in Brazil or elsewhere. Defendant's past assertions of parentage are not relevant to this narrow inquiry.

Plaintiff also argues that defendant should be precluded from contesting that his parentage was previously determined under the law of Brazil because he agreed to that proposition before

the trial court. Courts are not bound, however, by parties' stipulations regarding the law. *Wolf v Mahar*, 308 Mich App 120, 126-127; 862 NW2d 668 (2014). Moreover, a review of the record indicates that before the trial court, defendant consistently disputed whether paternity had been established. At the final pretrial, the following discussion occurred, in pertinent part:

|   |   |
|---|---|
| *The Court*: | Has paternity been established? Has your client been determined to be the father? |
| *Defense Counsel*: | We are not certain about paternity. Yes, he is listed on the birth certificate in Brazil. But, he was – he has some dispute and I agree with his position about that dispute. . . . Ms. Lyra left for a period of time, and then indicated that she was pregnant. |

* * *

I also understand that Mr. King has the right to challenge the paternity of this child. And there has not been an action to establish paternity in Brazil because he's a US citizen. So, he's petitioning here.

* * *

And, we want to make sure that we establish that it is his child. . . .

My understanding is that there is some information that [the prosecutor] could be correct [about paternity being determined]. But, I also am still trying to understand the entirety of the process of paternity in Brazil; . . .

[T]he Hague Convention did make a determination that, um, there would need to be a judgment or a finding of paternity in some courts. But, to my knowledge, there has not been, other than the listing on the birth certificate and the Counselor abroad paperwork, no indication or determination that Dad is the father.

At a second final pretrial, defense counsel reasserted that defendant was challenging whether parentage had been established in Brazil. And again, at a motion hearing held before the trial court entered the final order, defense counsel continued to dispute that parentage had been established:

|   |   |
|---|---|
| *Defense Counsel*: | [Y]ou cannot challenge paternity as a defense where it has been established by law, or by finding, or judicial determination by some court. There has not been a determination in the country of Brazil, to my understanding. And, the only thing that exists is the birth certificate and the |

|              |                                                                                      |
|--------------|--------------------------------------------------------------------------------------|
|              | documents that my client did fill out to be able to bring him here. But under Michigan law, that is not sufficient . . . . |

* * *

| *The Court*: | 'Cause that is what everybody agrees is that, I think we can all agree on that, that under the law of Brazil, he is the father. But, you want to be able to challenge that here? |
|--------------|----------------------------------------------------------------------------------------------------------------------------|
| *Defense counsel*: | Yes. |

The record indicates that defendant consistently sought to establish the parentage of the child and did not concede that the issue had been determined under Brazil law. The trial court, however, relied upon plaintiff's bald assertion that the birth certificate naming defendant as the father constituted a determination of parentage under Brazil law, though plaintiff provided no support for that assertion. The trial court therefore erred by entering a final child support order without properly determining that defendant had a duty to pay support.

The trial court's order is vacated, and this matter is remanded to the trial court for further proceedings in which plaintiff must demonstrate that defendant's parentage of the child has been determined under Brazil law, or, if plaintiff cannot make such a demonstration, defendant is permitted to challenge the parentage of the child. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman